CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GENE EVERETT WASHINGTON,** ) | |
|     Petitioner, ) | Civil Action No. 7:21-cv-00627 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **CHADWICK S. DOTSON,**[1] ) | Senior United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

In November 2021, Gene Everett Washington, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2017 convictions in the Circuit Court for the City of Charlottesville. On January 20, 2023, the court granted the respondent's motion to dismiss the petition. The court concluded that the petition was untimely, that Washington's claims were procedural defaulted because he had not presented them in state court, and that he had not established cause and prejudice to overcome the procedural default. See Mem. Op., ECF No. 23, at 36.

The case is presently before the court on Washington's motion for relief from the final judgment under Federal Rule of Civil Procedure 60(b), ECF No. 33, and the response in opposition filed by the respondent, ECF No. 38. Because Washington has failed to meet his threshold burden of showing that reopening the case would not be an empty exercise or futile gesture, the motion is **DENIED**.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Chadwick S. Dotson, the current Director of the Virginia Department of Corrections, is substituted as the respondent.

## Procedural History

On June 21, 2017, Washington entered Alford[2] pleas of guilty to capital murder and second-degree murder in the Circuit Court for the City of Charlottesville. Washington received a life sentence for the capital murder conviction and a 40-year sentence for the second-degree murder conviction. He appealed his sentences to the Court of Appeals of Virginia, and the petition for appeal was denied on November 20, 2018. Washington then filed a petition for appeal in the Supreme Court of Virginia, which was refused on May 31, 2019.

In November 2021, Washington filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In the petition, Washington asserted that he had mailed a state habeas corpus petition to the Circuit Court for the City of Charlottesville and that he had not received a response to letters inquiring about the status of the petition. He also alleged that his family members had been informed by the circuit court that a petition was "not there" and that there was no "docket [number] or record to show a timely filed petition." Pet., ECF No. 1, at 25.

On February 24, 2022, prior to responding to the federal habeas petition, the respondent's counsel contacted the circuit court to inquire about the state habeas petition. In response to that inquiry, "[t]he Chief Deputy Clerk of the Charlottesville Circuit Court advised that there was no record of Washington having filed a . . . habeas petition with the court." Resp.'s Br. Supp. Mot. Dismiss, ECF No. 13, at 9.

---

[2] North Carolina v. Alford, 400 U.S. 25 (1970); see United States v. Mastrapa, 509 F.3d 652, 659 (4th Cir. 2007) ("An Alford plea refers to a plea in which the defendant consents to a prison sentence even though he is unwilling or unable to admit his participation in the acts constituting the crime.") (internal quotation marks omitted).

2

The respondent subsequently moved to dismiss the federal habeas petition. The court granted the motion to dismiss on January 20, 2023, on the grounds that the petition was "untimely and . . . not saved by equitable tolling," that the claims were "not exhausted and were thereby defaulted," and that Washington had "failed to establish the cause and prejudice required to overcome his procedural default." Mem. Op., ECF No. 23, at 36.

Shortly thereafter, the respondent notified the court that "on February 8, 2023, a law clerk at the Charlottesville Circuit Court sent a letter to the Office of the Attorney General of Virginia, asking for a response to Washington's state habeas petition, which it had received on June 16, 2020." Notice, ECF No. 28, at 3. "The Office of the Attorney General received the letter on February 13, 2023," and "the Clerk of the Charlottesville Circuit Court placed Washington's 2020 petition on that court's civil docket on February 22, 2023." Id.

Over the next several months, the respondent continued to update this court on the status of the state habeas petition. On December 14, 2023, the respondent advised the court that the state habeas petition had been dismissed by the Circuit Court for the City of Charlottesville on December 4, 2023. Notice, ECF No. 29, at 2. On March 26, 2024, the respondent advised the court that the time to appeal the circuit court's decision had expired and that no appeal had been filed. Notice, ECF No. 30, at 2. Since Washington had not presented his habeas claims to the state's highest court as required to properly exhaust his state court remedies, the respondent submitted that no further action was required. Id. at 3.

Shortly thereafter, Washington filed a notice of appeal in the Supreme Court of Virginia, followed by a petition for appeal. See ECF No. 38-2, State Habeas Appellate Record, Washington v. Dep't of Corr., No. 240543 (Va. Sup. Ct.). On July 29, 2024, the state appellate

3

court dismissed the petition. Relying on Virginia Supreme Court Rules 5:9(a) and 5:17(a)(1), the appellate court found "that the appeal was not perfected in the manner provided by law because the appellant failed to file the notice of appeal in the circuit court and failed to timely file the petition for appeal." Id., ECF No. 38-2, at 24.

Washington subsequently filed the pending motion for relief under Rule 60(b). In the motion, Washington appears to argue that the developments in the state habeas proceedings undermine the court's previous rulings on the issues of timeliness and procedural default. See Mot., ECF No. 33, at 1 (asserting that there were "federal errors" and that "[t]he Virginia Supreme Court ruled on [the] state habeas corpus [petition]"). The respondent has opposed the motion, and it is ripe for disposition.

## Discussion

"Rule 60(b) allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Id. Once a party has met these threshold requirements, "he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." Justus v. Clarke, 78 F.4th 97, 106 (4th Cir. 2023).

The court agrees with the respondent that Washington has failed to show that he has a meritorious claim. A meritorious claim or defense "requires a proffer of evidence which would permit a finding for the [moving] party or which would establish a valid [claim]." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir.

4

1988). "The requirement that parties seeking Rule 60(b) relief show some prospect of succeeding on the merits flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources." Thomas v. Holder, 750 F.3d 899, 903 (D.C. Cir. 2014). Thus, to obtain relief under Rule 60(b), "a petitioner must show that 'vacating the judgment will not be an empty exercise'" or futile gesture. Justus, 78 F.4th at 105 n.6 (quoting United States v. Harris, 268 F. Supp. 2d 500, 504 (E.D. Pa. 2003)); see also Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture . . . ."). Washington has not satisfied this requirement.

Even assuming that Washington presented all of his federal habeas claims in the state habeas proceedings, the claims remain procedurally defaulted. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedure rule provides an independent and adequate ground for dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, and it is independent if it does not depend on a federal constitutional ruling." McNeil v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations omitted). "Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of a claim on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice." Id.

5

The Supreme Court of Virginia expressly based its dismissal of Washington's state habeas appeal on two state procedural rules: Rules 5:9(a) and 5:17(a)(1) of the Rules of the Supreme Court of Virginia. The United States Court of Appeals for the Fourth Circuit has held that failure to comply with these rules constitutes an adequate ground for dismissal on the basis of procedural default. See O'Dell v. Netherland, 95 F.3d 1214, 1244 (4th Cir. 1996) (holding that the application of Rule 5:17(a)(1) was "an independent state ground sufficient to bar federal habeas review"); Wise v. Williams, 982 F.2d 142, 143–44 (4th Cir. 1992) (affirming the dismissal of a petition as procedurally defaulted based on the application of Rule 5:9(a)); Coleman v. Thompson, 895 F.2d 139, 143 (4th Cir. 1990) ("The district court properly concluded that the failure to comply with Rule 5:9(a) was an adequate ground to apply the bar of procedural default."), aff'd, 501 U.S. 722 (1991).

A federal court may "excuse a procedural default in two circumstances: (1) when the petitioner establishes cause and prejudice for the default; or (2) when the default would result in a fundamental miscarriage of justice." Richardson v. Kornegay, 3 F.4th 687, 700 (4th Cir. 2021) (internal quotation marks omitted). In the previous opinion, the court provided a detailed explanation as to why Washington "cannot establish the prejudice prong" of the cause-and-prejudice standard for excusing procedural default. Mem. Op., ECF No. 23, at 18. The court also concluded that Washington "cannot overcome procedural default on his ineffective assistance of counsel claims because they are not substantial." Id. at 19; see also Moore v. Stirling, 952 F.3d 174, 185–86 (4th Cir. 2020) ("'Cause' to excuse a procedural default requires that the attorney error amount to constitutionally ineffective assistance of counsel. And so the defendant's ineffective assistance claim must be substantial—that is, it must have

6

'some merit' under the governing ineffective-assistance-of-counsel standards.'") (internal citation omitted) (quoting Martinez v. Ryan, 566 U.S. 1, 14 (2012)). The court's analysis of Washington's claims under the cause-and-prejudice exception to procedural default continues to apply, and he has provided no basis to suggest that the issues should be decided differently.

　　As a result, the only way that Washington's claims could survive his procedural default is "through a showing that enforcing the default would result in a 'fundamental miscarriage of justice.'" Prieto v. Zook, 791 F.3d 465, 468 (4th Cir. 2015) (citing Smith v. Murray, 477 U.S. 527, 537–38 (1986)). "The Supreme Court has explained that a 'fundamental miscarriage of justice' occurs 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him" in light of "new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). For a claim of actual innocence to be "credible," a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness counts, or critical physical evidence—that was not presented at trial." Id. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. at 316.

　　In the pending motion, Washington describes himself as an "innocen[t] falsely convicted prisoner petitioner who has [done] 10 years while not guilty." Mot., ECF No. 33, at 2. However, he does not allege that any "new evidence" exists that might support a claim of

7

actual innocence. Schlup, 513 U.S. at 327. Instead, he merely references evidence in existence at the time of his Alford pleas, such as fingerprint and DNA testing results. See Mot. at 2; see also Aff. of Jennifer T. Stanton, Esq., ECF No. 38-1, at 129–30 (summarizing the results fingerprint and DNA testing performed prior to June 21, 2017). Such evidence is insufficient to support a claim of actual innocence. See United States v. Vargas-Soto, 35 F.4th 979, 999 (5th Cir. 2022) ("The Supreme Court's decisions addressing actual innocence presuppose that the prisoner has new evidence that did not exist at the time of conviction and sentencing."); see also Johnson v. Medina, 547 F. App'x 880, 885 (10th Cir. 2013) (emphasizing in rejecting a claim of actual innocence that "petitioner has presented no new evidence, he simply argues the DNA evidence which existed at the time he pled guilty is evidence of his innocence") (internal quotation marks and brackets omitted); Hubbard v. Pinchak, 378 F.3d 333, 341 (3d Cir. 2004) (noting that a petitioner's allegation of actual innocence was "nothing more than a repackaging of the record as presented at trial" and thus was "insufficient to allow review of his defaulted claims"). Consequently, Washington "has failed to demonstrate that [he] could show actual innocence [to excuse his procedural default], and there is accordingly no basis for granting [his] Rule 60(b) motion." Harris, 268 F. Supp. 2d at 506.

## Conclusion

For the reasons stated, Washington's federal habeas claims remain procedurally defaulted, and he has not shown that he could demonstrate cause and prejudice or actual innocence to excuse his default. Because there is no basis to believe that vacating the dismissal of his § 2254 petition would not be an empty exercise or futile gesture, Washington's motion for relief under Rule 60(b) is **DENIED**.

8

An appropriate order will be entered.

Entered: July 2, 2025

Michael F. Urbanski
U.S. District Judge
2025.07.02
17:45:30 -04'00'

Michael F. Urbanski
Senior United States District Judge

9